UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

CAROLYN FAGIANI,

                              Plaintiff,

             -vs-                                    13-CV-945-JTC

MIDLAND FUNDING, LLC, d/b/a in NEW YORK
AS MIDLAND FUNDING OF DELAWARE, LLC,

                              Defendant.
───────────────────────────────

       By decision and order dated August 14, 2015, this court granted plaintiff's motion

made pursuant to Rule 37(a) of the Federal Rules of Civil Procedure directing defendant

Midland Funding LLC ("Midland") to produce of a copy of a Purchase and Sale Agreement

("PSA") between Midland and Citibank, dated November 14, 2008, by which defendant

acquired ownership of the credit card account at issue in this case.   *See* Item 28.   The

court determined that, based on the information presented on the motion, and considering

the liberal scope of the discovery rules, it was reasonable to conclude that the document

might have some relevance to plaintiff's claims under the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*   *Id.* at 3-4.   The court also granted defendant's

request for a protective order pursuant to Rule 26(c), directing that the PSA be produced

in redacted form to protect against disclosure on the public record of confidential and

proprietary business information, including the pricing and terms of the purchase.   *Id.* at

4-5.

       Upon entry of the decision and order, defendant filed a motion (Item 29) for relief

pursuant to Fed. R. Civ. P. 60(b), and alternatively, for a more comprehensive protective

order under Rule 26(c), on the ground that the court's direction to produce a redacted version of the PSA did not adequately protect against the potential dissemination of defendant's confidential business information to third parties.  The court then conducted a series of telephone conferences with counsel  in an effort to reach consensus on the language of a stipulated confidentiality agreement, and to obviate the need for unnecessary motion practice, to no avail.

As is evident from a reasoned reading of the August 14, 2015 decision and order, the court's intent was to fashion a common-sense accommodation of plaintiff's concern for discovery of information relevant to the subject matter involved in the action and defendant's equally important concern for protecting its proprietary business information from disclosure to third parties, in light of the facts and circumstances presented to the court and within the boundaries of the federal rules.  In the court's view, this result was accomplished without clear mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief under Rule 60(b).  However, the parties' inability to agree on an appropriate stipulation of confidentiality, along with the lack of specific language in the order prohibiting disclosure of the information in the PSA to third parties, and limiting its use to the litigation of plaintiff's claims in this case, raises the concern that the order may be subject to a more expansive interpretation than the one intended by the court.

Accordingly, for good cause as shown in the submissions on record with the court, defendant's motion is granted to the extent it seeks a supplemental, permanent order of protection pursuant to Fed. R. Civ. P. 26(c), as follows:

1.      The Purchase and Sale Agreement between Midland and Citibank, dated November 14, 2008, is hereby designated as confidential.

-2-

2.      Defendant shall produce the Purchase and Sale agreement to counsel for plaintiff within twenty-one days of the date of entry of this supplemental order, subject to redaction of pricing terms as set forth in the court's August 14, 2015 decision and order.

3.      The information contained in the Purchase and Sale Agreement, designated as confidential by this order, shall be used only for the purposes of this present litigation, *Carolyn Fagiani v. Midland Funding, LLC, d/b/a in New York as Midland Funding of Delaware, LLC*, 13-CV-945-JTC.

4.      Disclosure to third parties of any information contained in the confidential Purchase and Sale Agreement not made part of the public record in this case is prohibited, subject to the full range of sanctions available in the Federal Rules of Civil Procedure.

Defendant's motion is denied in all other respects.

A further telephone conference with the court is scheduled for Wednesday, April 6, 2016, to discuss a schedule for further proceedings in the case.  The court will initiate the call.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: 1/27/2016

-3-